**SMULCER v. ROGERS et al.**

No. 15207.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 12, 1951.

Rehearing Denied Feb. 9, 1951.

Jack Connell, of Wichita Falls, for appellant.

McDonald & Anderson, of Wichita Falls, for appellees.

HALL, Justice.

Appellees Moral Rogers and Sam Harrison, d/b/a Rogers and Harrison Trucking Company sued appellant P. A. Smulcer in a District Court of Wichita County for the transfer of an experience rating which he acquired with the Texas Employment Commission, or in the alternative for damages. They also sued to permanently enjoin said appellant from re-entering the trucking, hauling and bulldozer business in Wichita County pursuant to an oral contract entered into between the parties while purchasing appellant's business.

The case was submitted to a jury which found in answer to special issues submitted, the following:

(1) The experience rating was part of the trucking company which appellees purchased from appellant,

(2) That appellees gave appellant a valuable consideration for same,

(3) That appellant *expressly* or *impliedly* agreed with appellees to transfer to them said experience rating on or about November 16, 1949.

(4) Appellees would be damaged if they did not obtain said experience rating from appellant,

(5) That appellees will be damaged in the sum of $1800.00 in the event they do not obtain said experience rating from appellant,

(6) That appellant agreed with appellees on November 16, 1949 that if they would buy his business, he would not re-enter into the same business in Wichita County during the rest of his life,

(7) That appellees paid appellant a valuable consideration for such an agreement,

(8) That appellees relied upon his agreement to not re-enter business,

(9) That the proposal of November 23, 1949 was not accepted by appellees, and,

(10) That said proposal of November 23, 1949 was not the complete agreement between the parties.

Based upon said answers the trial court entered judgment for appellees restraining appellant from re-entering said line of business in Wichita County, which he had attempted to do; and for damages in the sum of $1800.00 for failure to transfer said experience rating.

Appellant presents eighteen points of error. We will consider them in light of their importance to this appeal.

Several of appellant's points consist of argument that the trial court erred in not permitting him to introduce in evidence a memorandum agreement written and submitted to appellees on November 23, 1949. It is his contention here and upon the trial that all former agreements between the parties were merged into and embraced in said written instrument.

Both parties agreed that in the beginning the trade was partially in writing and partially verbal. On November 16, 1949, the parties signed a stipulation to the effect that appellant was selling his trucking company to appellees for a consideration of $90,000.-00. That he was to accept in trade property in the value of $40,000.00 owned by one of the appellees. That appellees were to assume all obligations made since the 1st of November, 1949, and also to receive the receipts of the business.

It developed that much confusion surrounded closing of the deal, hence, the written memorandum was submitted to appellees by appellant which they did not accept in its entirety according to their testimony. Appellant testified that appellees and their attorney did agree to the provisions set out in said memorandum, hence, the controversy arose and this lawsuit followed. During the trial appellant offered in evidence this written memorandum and the court evidently refused its admission because it was not signed by either party.

We find the trial court erred in not allowing the long written memorandum setting out in minute detail what property appellant was to transfer and what he was to retain from said business; also what property he was to receive in trade from appellees. The court submitted two issues pertaining to this memorandum, the jury answered them against appellant; provisions contained in the memorandum was appellant's defense. We find the written memorandum admissible as tending to prove the terms of the verbal agreement between the parties. See 10 Tex.Jur. Sec. 307, pages 530-531.

Appellees argue that the error, if any, is harmless because appellant had in-corporated same in his pleadings and had read it to the jury, but we find that when the court refused to admit it in evidence, such action may have prejudiced the rights of appellant before the jury and could have persuaded the jury to answer the issues pertaining to same against appellant on the theory that if the court did not allow its admission, then in that event it was not worthy of their consideration.

Since the testimony upon the two controversial issues comprising this case may be different upon another trial, we do not deem it necessary to discuss here appellant's points pertaining to same. We might add, however, since the testimony shows that the "experience rating" owned by appellant is of value and transferable under the statutes creating it, to-wit, Art. 5221b-5(c), Par. (7), Vernon's Ann.Civ.St. as amended, we are of the opinion that it be more appropriate to submit to the jury by proper issues, whether appellant agreed to transfer said experience rating to appellee as a part of the consideration paid by appellee rather than as to whether appellant *expressly* or *impliedly* agreed to transfer said experience rating to appellees. It therefore becomes unnecessary for the jury to find as to whether or not said experience rating belonged to the company which Smulcer was selling to appellees because the facts show that when the sale was finally consummated appellant did not sell all of the equipment and supplies to appellees which was owned by his business. It seems from the record that the experience rating was in the name of P. A. Smulcer and not in the name of the trucking business. In the memorandum which appellant relies upon as containing the agreement upon which the trade was consummated, we find among many of appellant's reservations the following: "However, for still greater certainty, and in order to prevent any misunderstanding or disputes, it is expressly stated that the proposed sale and conveyance from P. A. Smulcer does not include or contemplate to be conveyed to Moral Rogers or Sam Harrison, * * * any other item of personal property that is not a part of the rolling stock or the office furniture or equipment used by P. A.

Smulcer in connection with his present operating trucking business enterprise * * *." Under the facts in this case we do not find it proper for the trial court to submit its issues to the jury based upon implication which as a general rule is a matter of law, but we find that it should be submitted upon the question of whether or not there was actually an agreement between the parties to the effect that appellant was to transfer this personal property to appellees.

Case is reversed and remanded for retrial.